# In the United States Bankruptcy Court
# for the Western District of Pennsylvania

| | | |
|---|---|---|
| In re: | : | |
| | : | Bankruptcy No. 26-22412-JCM |
| Maranda Lynn Moyle, | : | |
| Debtor. | : | Chapter 7 |
| | : | |
| Michael I. Assad, | : | Related to Document Nos. 15 and 16 |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| No Respondent. | : | |

**Motion to Reconsider Order Denying Supplemental Disclosure of Compensation**

**AND NOW**, Movant Michael I. Assad, counsel for Debtor Maranda Lynn Moyle, moves under Fed. R. Bankr. P. 9023 for an order vacating the Court's Order of November 5, 2026 (ECF No. 16), and states:

## I. Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. The Movant consents to the entry of a final order on this Motion by the Court if it is determined that the Court cannot enter a final order consistent with Article III of the United States Constitution absent consent.

## II. Background

4. The Movant's declaration is attached as Exhibit A (the "Assad Decl."). The Debtor's declaration is attached as Exhibit B (the "Moyle Decl.").

5. The Debtor filed a voluntary petition under chapter 7 on August 28, 2026. (ECF No. 1.)

6. The Movant represents the Debtor in the chapter 7 case under a fee agreement made before the petition was filed. That agreement does not include representation in adversary proceedings and states that a separate fee agreement is required for one. (Assad Decl. ¶ 14.) The Movant's disclosure of compensation, filed with the petition, lists adversary proceedings among the services the fee does not include. (ECF No. 1.)

7. On November 3, 2026, the Debtor and the Movant signed a separate fee agreement (the "Agreement"). It covers one adversary proceeding to determine whether the Debtor's student loans are dischargeable under 11 U.S.C. § 523(a)(8). (Assad Decl. ¶ 8.)

8. The Agreement provides for a flat fee of $5,000.00, payable by the Debtor in ten monthly installments of $500.00 without interest. (Assad Decl. ¶ 8.)

9. The Movant filed a Supplemental Disclosure of Compensation of Attorney for Debtor the same day (the "Supplemental Disclosure"). (ECF No. 15.)

10. On November 4, 2026, the Debtor paid the first $500.00 installment. (Assad Decl. ¶ 16.)

11. On November 5, 2026, the Court entered an order (the "Order") finding that the Supplemental Disclosure "does not comply with 11 U.S.C. § 330, which requires reasonable fee for services," stating that the fee "seems excessive at this time," and denying the Supplemental Disclosure. (ECF No. 16.)

12. The Order does not say whether the Agreement is cancelled, modified, or left in place, or whether the Debtor may pay the nine remaining installments. The Movant has instructed the Debtor to suspend payments until the Court's intent is clear. (Assad Decl. ¶ 19.)

13. The Debtor understands that she agreed to pay a $5,000.00 fee for representation in connection with a complaint to determine the dischargeability of her student loan debt. (Moyle Decl.)

**III. Relief Requested**

14. The Movant asks the Court to vacate the Order.

**IV. Argument**

**A. Standard**

15. A motion under Fed. R. Bankr. P. 9023 must be filed within fourteen days after entry. Fed. R. Bankr. P. 9023(b). The Order was entered on November 5, 2026, and this Motion is timely.

16. Relief is appropriate when the movant shows "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

**B. The Movant seeks no award from the estate under 11 U.S.C. § 330(a)(1).**

17. The Order finds that the Supplemental Disclosure "does not comply with 11 U.S.C. § 330." (ECF No. 16.) That statute governs compensation the Court awards from the estate. Under 11 U.S.C. § 330(a)(1), the Court may award compensation to a trustee, an examiner, an ombudsman, or a professional person employed under 11 U.S.C. § 327 or 1103.

18. A chapter 7 debtor's attorney is not in that group unless the trustee employs him. The Supreme Court has held that "§ 330(a)(1) does not authorize compensation awards to debtors'

attorneys from estate funds, unless they are employed as authorized by § 327." *Lamie v. U.S. Trustee*, 540 U.S. 526, 538 (2004). The Third Circuit reads the Code the same way. It "reflects this division of labor by excluding Chapter 7 debtors' attorneys from the category of professionals whose fees may be paid from the estate." *In re Aquilino*, 135 F.4th 119, 126 (3d Cir. 2025).

19. The Movant is not employed under 11 U.S.C. § 327. He has filed no application and seeks no award from the estate. The Supplemental Disclosure reports an agreement under which the Debtor pays the Movant directly. (ECF No. 15 ¶ 3.)

20. 11 U.S.C. § 330 therefore does not supply the standard for the Supplemental Disclosure. Applying it here was a clear error of law.

**C. The Movant complied with 11 U.S.C. § 329(a).**

21. An attorney representing a debtor must file a statement of the compensation paid or agreed to be paid "whether or not such attorney applies for compensation under this title." 11 U.S.C. § 329(a). A supplemental statement is due within fourteen days after any payment or agreement not previously disclosed. Fed. R. Bankr. P. 2016(b)(2).

22. The duty reaches postpetition agreements. Counsel is "obligated to disclose all fees and payments made for services in connection with the bankruptcy case" and "to do so on an ongoing basis." *Aquilino*, 135 F.4th at 134 n.17.

23. The Movant filed the Supplemental Disclosure on the day the Agreement was signed. It requests no relief, and neither 11 U.S.C. § 329 nor Fed. R. Bankr. P. 2016(b) provides for an order granting or denying a disclosure.

**D. The Court may review the Agreement under 11 U.S.C. § 329(b).**

24. The Movant does not question the Court's authority to review the Agreement. The disclosure requirement exists "to enable bankruptcy courts and parties in interest to examine the

reasonableness of the fees charged and, if unreasonable, take appropriate action." *Aquilino*, 135 F.4th at 130–31.

25. If compensation "exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive." 11 U.S.C. § 329(b). The Court may make that determination on its own for an agreement made after the order for relief. Fed. R. Bankr. P. 2017(b).

26. The Order does not invoke 11 U.S.C. § 329(b). It does not cancel the Agreement or order the return of any payment. Vacating the Order leaves the Court's authority under 11 U.S.C. § 329(b) and Fed. R. Bankr. P. 2017(b) intact, and the reasonableness of the $5,000.00 fee is reserved for any such review.

**E. The Order was entered without notice of the Court's concern or an opportunity to respond.**

27. The Court may determine whether a postpetition agreement is excessive "after notice and a hearing." Fed. R. Bankr. P. 2017(b). Under 11 U.S.C. § 102(1), that phrase calls for the notice and the opportunity for a hearing that are appropriate in the particular circumstances. An actual hearing is not always required. Fed. R. Bankr. P. 2017(a) uses the same phrase, and the Third Circuit has said that it "requires 'notice and a hearing' before reviewing a debtor's attorney's fees for excessiveness," but "it does not mandate an evidentiary hearing." *Aquilino*, 135 F.4th at 135 n.18.

28. *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833 (3d Cir. 1994), explains what the notice must do. A court reviewing fees on its own "should first apprise the applicant of the particular questions and objections it harbors" and "give counsel a meaningful opportunity to be heard." *Id.* at 846. It may do that informally, by noting its concerns and allowing counsel to respond

in writing. *Id.* at 845–46. *Busy Beaver* involved fees sought from a chapter 11 estate under 11 U.S.C. § 330, but the Third Circuit drew this procedure from 11 U.S.C. § 329(b) and Fed. R. Bankr. P. 2017(b) as well. *Id.* at 845 n.15, 846.

29. Here the Order was entered two days after the Supplemental Disclosure was filed. The Movant had no notice of the Court's concern and no opportunity to respond. (Assad Decl. ¶ 18.) The Movant asks that, before the Agreement is disturbed, the Court identify its concern and allow a written response.

**F. The local rules do not require a fee application for the Agreement.**

30. The Court's local rule on professional fees, W.PA.LBR 2016-1(a), requires fee applications "in all cases, except those originally filed Chapter 7 cases where counsel for the debtor is compensated via a lump sum payment prior to filing," and chapter 13 cases under the no-look fee. The Movant acknowledges that the Agreement falls outside the express exception. It was made after the petition was filed, and it is paid in installments.

31. Read with the federal rule it implements, however, subsection (a) is best understood to address compensation sought from the estate. An application is required when "an entity seeks from the estate interim or final compensation." Fed. R. Bankr. P. 2016(a)(1). Disclosure by a debtor's attorney is governed separately, and it applies "whether or not applying for compensation." Fed. R. Bankr. P. 2016(b)(1). The rest of the local rule fits that reading. It conditions compensation on an order approving the professional's employment and, in a chapter 7 case, ties the application to the trustee's final distribution. W.PA.LBR 2016-1(b), (e).

32. *In re Cialella*, 643 B.R. 789 (Bankr. W.D. Pa. 2022), supports that reading by inference. There the Court adopted detailed standards for chapter 7 cases in which the debtor agrees after filing to pay counsel over time. *Id.* at 814–15, 824–28 (Attachment A). The standards

rely on disclosure, with counsel "prepared to defend such arrangement if challenged by the Court or the UST." *Id.* at 826 (Principle 5). None of them calls for a fee application, although W.PA.LBR 2016-1(a) contained the same language then.

**FOR THOSE REASONS**, the Movant requests that the Court grant relief in the form of order attached and further in his favor, if necessary and proper under the law.

Date: November 19, 2026

/s/ Michael I. Assad
Michael I. Assad (PA ID No. 330937)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@mikeassad.law

*Movant*