# In the United States Bankruptcy Court
# for the Western District of Pennsylvania

| | | |
|---|---|---|
| In re: | : | |
| | : | Bankruptcy No. 26-22412-JCM |
| Maranda Lynn Moyle, | : | |
| Debtor. | : | Chapter 7 |
| | : | |
| Michael I. Assad, | : | Related to Document Nos. 15 and 16 |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| No Respondent. | : | |

## Exhibit A

## Declaration of Michael I. Assad in Support of Motion to Reconsider Order Denying Supplemental Disclosure of Compensation

I, Michael I. Assad, declare as follows:

1. I am an attorney admitted to practice in Pennsylvania and New Jersey and the principal of the Law Office of Mike Assad, P.C., counsel for Debtor Maranda Lynn Moyle.

2. I make this declaration in support of my Motion to Reconsider Order Denying Supplemental Disclosure of Compensation. I have personal knowledge of the facts stated here, and if called to testify, my testimony would be consistent with this declaration.

3. I was admitted to practice law in Pennsylvania on October 18, 2021, and in New Jersey on March 3, 2023.

4. I was employed as an associate attorney by Cibik Law, P.C. from October 18, 2021, to August 30, 2024, and by Sadek Law Offices LLC from September 9, 2024, to March 3, 2026. I now practice through my own firm, the Law Office of Mike Assad, P.C.

5. I have represented more than eight hundred debtors in bankruptcy cases under chapters 7, 11, and 13, and I have obtained confirmation of three plans under subchapter V of chapter 11 for non-individual debtors.

6. I served as a member of the rules committee of the United States Bankruptcy Court for the Eastern District of Pennsylvania from 2024 to 2025, have lectured on bankruptcy matters for the Pennsylvania Bar Institute, served as a circuit leader for the National Association of Consumer Bankruptcy Attorneys from 2024 to 2026, and currently serve as the consumer education chair of the Eastern District of Pennsylvania Bankruptcy Conference.

7. Most of my practice consists of representing debtors in cases under chapters 7, 11, and 13. I also represent debtors in student loan discharge proceedings because many people contact me seeking that representation. Each proceeding turns on the debtor's particular circumstances, and results vary from case to case.

8. On November 3, 2026, the Debtor and I entered into a written agreement for me to represent her in an adversary proceeding seeking a determination that her student loans are dischargeable under 11 U.S.C. § 523(a)(8), for a flat fee of $5,000.00 payable in ten monthly installments of $500.00 without interest (the "Agreement"). The services the fee covers and excludes are described in my Supplemental Disclosure of Compensation of Attorney for Debtor. (ECF No. 15 ¶¶ 5–6.)

9. In these proceedings, the U.S. Department of Justice evaluates the debtor's case using a financial attestation that the debtor signs under penalty of perjury. The attestation requires a detailed account of the debtor's income, expenses, assets, loan history, and efforts to repay the loans, and of the circumstances that make future repayment unlikely.

10. Doing this work properly takes substantial time. To prepare the attestation, I obtain and review the debtor's loan history, tax returns, pay records, and household expense information, and I compare her expenses to the IRS collection standards the attestation uses. Debtors' records are often incomplete, and understanding and accurately conveying the sometimes complex facts of a person's circumstances usually takes several rounds of questions, follow-up documents, and corrections.

11. Accuracy matters because the Department of Justice relies on the attestation in deciding whether to agree to a discharge. An incomplete or inaccurate attestation can lead to opposition, discovery, and delay, which is the work the flat fee is structured to avoid.

12. After the attestation is submitted, I respond to the Department of Justice's questions and requests for additional documents, negotiate with each loan holder, and prepare any agreed resolution for the Court's approval.

13. A flat fee gives the Debtor a known, fixed cost for the covered services. In my experience, debtors who have just been through a chapter 7 case need to know in advance what a proceeding like this will cost, and an hourly arrangement would leave them unable to know. Under the Agreement, the Debtor pays nothing more for the covered services if they take longer than expected, and she pays the fee in installments without interest.

14. I represent the Debtor in her chapter 7 case under a written fee agreement made before the case was filed. That agreement does not include representation in contested matters, adversary proceedings, or appeals. It provides that a separate fee agreement is required if one arises.

15. On November 3, 2026, I filed a Supplemental Disclosure of Compensation of Attorney for Debtor disclosing the Agreement. (ECF No. 15.)

16. On November 4, 2026, the Debtor paid the first $500.00 installment. I deposited the payment into my firm's operating account, as the Agreement provides.

17. On November 5, 2026, the Court entered its order denying the Supplemental Disclosure. (ECF No. 16.)

18. Before the order was entered, I received no notice that the Court had a concern about the Supplemental Disclosure.

19. After the order was entered, I instructed the Debtor not to make any further payments under the Agreement until further notice. I gave that instruction on my own. The order does not require it.

20. I have received no payment under the Agreement since November 4, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 19, 2026

/s/ Michael I. Assad
Michael I. Assad