# In the United States Bankruptcy Court
# for the Western District of Pennsylvania

| | | |
|---|---|---|
| In re: | : | |
| | : | Bankruptcy No. 26-22412-JCM |
| Maranda Lynn Moyle, | : | |
| Debtor. | : | Chapter 7 |
| | : | |
| Michael I. Assad, | : | Related to Document No. 15, 20 |
| Movant, | : | |
| | : | Hearing: January 7, 2027, at 1:30 p.m. |
| v. | : | |
| | : | |
| No Respondent. | : | |

**Declaration of Michael I. Assad Regarding Post-Petition Fee Agreement**

I, Michael I. Assad, declare as follows:

1. I am an attorney and the principal of the Law Office of Mike Assad, P.C., counsel for Debtor Maranda Lynn Moyle.

2. I make this declaration to comply with the Court's Order dated November 20, 2026. I have personal knowledge of all facts stated here.

3. Attached as Exhibit A is a true and correct copy of the post-petition fee agreement that the Debtor and I signed on November 3, 2026 (the "Agreement").

4. As previously disclosed, the Debtor paid me $500.00 on November 4, 2026. I deposited that payment into my firm's operating account, as the Agreement provides.

5. That is the only payment I have received under the Agreement. I have received no other payment from the Debtor since her petition was filed.

6. On November 23, 2026, I transferred $500.00 from my firm's operating account to my firm's trust account, consistent with paragraph 4 of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 23, 2026

/s/ Michael I. Assad
Michael I. Assad

EXHIBIT
A

**Law Office of Mike Assad, P.C.**
**Fee Agreement for Student Loan Discharge Adversary Proceeding**

Client 1: **Maranda Moyle**

Client 2: **NONE**

Main Bankruptcy Case Number: **26-22412-JCM**

Student Loan Defendant(s): **U.S. Department of Education**

We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code. You are hiring the Law Office of Mike Assad, P.C. to represent you in one adversary proceeding asking the United States Bankruptcy Court for the **Western District of Pennsylvania** (the "Bankruptcy Court") to rule that your student loans can be discharged because repaying them would impose an undue hardship on you and your dependents, under 11 U.S.C. § 523(a)(8). An adversary proceeding is a separate lawsuit filed inside your chapter 7 bankruptcy case.

This agreement explains what we will and will not do, what it costs, and what you must do. Please read this agreement carefully and ask us about any part that is unclear. You are not required to sign this agreement. Once you sign it, it binds both you and us.

### Your Main Bankruptcy Case

This agreement covers only the adversary proceeding described above. It does not cover your main bankruptcy case, which includes your petition and schedules, your exemptions, the meeting of creditors, any reaffirmation agreements, trustee matters, your discharge, and every deadline in that case.

If we also represent you in your main bankruptcy case, our separate fee agreement for that case governs that work, and this agreement does not change it. If another attorney represents you in your main bankruptcy case, or you are representing yourself in it, we have no responsibility for that case.

You authorize us to communicate with your attorney in the main bankruptcy case, if you have one, and to share information with that attorney's office as reasonably necessary to coordinate the two matters. We will not divide or share our fee with any other law firm.

### Who We Represent

We represent only you. If you filed your bankruptcy case jointly with your spouse, we do not represent your spouse in this adversary proceeding, and nothing in this agreement makes your spouse our client or responsible for our fee.

### The Services We Will Provide

Our work proceeds in up to four steps. The flat fee covers Steps 1 through 3.

### Step 1: The Complaint

We will prepare, file, and serve one complaint, which starts the adversary proceeding. The complaint names the Student Loan Defendant(s) listed above and asks the Bankruptcy Court to rule that the loans they hold are dischargeable. We will also review the defendants' answers and handle the initial scheduling requirements of the adversary proceeding.

### Step 2: The Financial Review

For federal student loans held by the U.S. Department of Education, the U.S. Department of Justice, which represents the Department of Education in these cases, currently evaluates each case through a written attestation process. We will help you gather your records and prepare the attestation, a detailed statement of your income, expenses, assets, and circumstances. You will sign the attestation under penalty of perjury. The government uses it to decide whether it will agree that your loans should be discharged in whole or in part. Some other loan holders, such as certain guaranty agencies, may use the same process. If any of your loans are private student loans, or are held by a lender that does not use this process, we will present the same financial information to that lender directly.

### Step 3: Negotiation and Settlement

We will negotiate with each loan holder to try to reach an agreement, which may provide for a full discharge, a partial discharge, or a modified repayment of your loans, and we will prepare and submit any agreed resolution to the Bankruptcy Court for approval.

**Step 4: Trial, Only If You Ask for It**

If a loan holder does not agree to a resolution that you will accept, we will discuss your options with you. They may include accepting the best available resolution, dismissing the adversary proceeding, or going to trial. We will take the case to trial only if you ask us to, and trial work is not covered by the flat fee.

If a loan holder contests the case through formal discovery (such as depositions, document demands, or written questions) or files a motion asking the Bankruptcy Court to decide or dismiss the case, the flat fee does not cover the work needed to respond. Before that work begins, we will tell you and give you an estimate. If you want us to proceed, we will bill the work as described in Hourly Work Outside the Flat Fee; if you do not, we will discuss your options with you, including those described in Step 4. Until you decide, and until the Bankruptcy Court permits any withdrawal we request, we will take the steps needed to protect your interests (such as asking to extend a deadline) as part of the flat fee.

**What This Agreement Does Not Cover**

- Your main bankruptcy case, as described in Your Main Bankruptcy Case.
- Any other adversary proceeding, any dispute over whether a debt other than your student loans is dischargeable, and any objection to your discharge.
- Any appeal, whether filed by you or by a loan holder.
- Programs outside the Bankruptcy Court, such as income-driven repayment, loan consolidation, Public Service Loan Forgiveness, total and permanent disability discharge, closed school discharge, or borrower defense to repayment.
- Lawsuits or collection actions in any other court, and claims against loan servicers or debt collectors, including under the Fair Credit Reporting Act or the Fair Debt Collection Practices Act.
- Tax matters, including any tax effect of a discharge or settlement. We recommend that you consult a tax professional about any tax matter.

Anything not described in this agreement is not included. You acknowledge that we have explained these limits, that you understand them, and that you give your informed consent to them. Any excluded work will require a separate written agreement, or a written amendment to this one, before it begins.

**Our Fee**

For the services in Steps 1 through 3, our fee is a flat fee of **$5,000**. The flat fee does not depend on how much of your student loan debt is discharged, and it does not change with the number of hours we spend.

Every payment, whether it is the full fee or an installment, goes into our attorney operating account. Each payment is earned upon receipt: it becomes our property when it is paid and is not held for you in a trust account. A payment is not refundable except as described in When Our Work Starts and Ends. You give your informed consent to this handling of the flat fee. In this agreement, the Rules of Professional Conduct means the rules of professional conduct that govern our work for you, including those of New Jersey and, for a case in Pennsylvania, Pennsylvania.

Because your obligation to pay the flat fee arises after your chapter 7 case was filed, it will not be discharged in your bankruptcy.

You may pay the flat fee on any of the following schedules:

- One full payment due upon signing.
- 10 equal monthly payments.
- 20 equal bi-weekly payments.
- 40 equal weekly payments.

The payment plans charge no interest or other fees; the scheduled payments add up to the flat fee.

Your payment election: **10 equal monthly payments of $500**

If you choose a payment plan, your first payment is due before we begin work (see When Our Work Starts and Ends). You authorize us to charge each remaining payment automatically to the payment method you used for the first payment until the flat fee is paid in full, and you confirm that you, or the person paying for you, are authorized to use that method. If a payment does not go through, we may try it again on a later date, which may extend the end of your plan. If a missed payment is not brought current within 14 days after we notify you, we may ask the Bankruptcy Court for permission to withdraw, as the Rules of Professional Conduct allow.

Our fee may be paid by you or by a family member or other person on your behalf, and you consent to that arrangement. If someone other than you pays, that person does not become our client, has no right to direct our work or our professional judgment, and is not entitled to your confidential information.

**Hourly Work Outside the Flat Fee**

If you ask us to handle a trial or contested litigation before trial (both described in The Services We Will Provide), we will bill that work by the hour, in increments of one-tenth of an hour, at these rates:

Mike Assad: $495 (attorney tasks) $245 (paralegal tasks)

Hourly work begins only after you agree to it in writing. Before it begins, we will give you an estimate and may ask for an advance deposit, which we will hold in our attorney trust account and apply to those charges as we earn them.

**Costs and Expenses**

The flat fee includes the out-of-pocket costs of Steps 1 through 3, such as service and mailing costs. For any work outside Steps 1 through 3, you are responsible for out-of-pocket costs paid to others, such as transcripts and deposition, court reporter, and witness costs, and we may ask you to pay them before we incur them.

**Conflicts of Interest**

A conflict of interest exists when our interests and yours are, or could be, opposed. We must disclose the following actual or potential conflicts.

We are working to relieve your student loan debt while charging you a fee for that work.

If you choose a payment plan, you will owe us the unpaid balance of the flat fee while we represent you, which makes us one of your creditors. This may place us in conflict with you, because we have a financial interest in collecting your payments at the same time we are advising you.

In this adversary proceeding you are asking the Bankruptcy Court to find that repaying your student loans would impose an undue hardship on you. A loan holder could argue that your payments to us show you can afford to repay your loans. We will discuss with you how your fee payments may affect your case before you choose how to pay.

If, in our opinion, a non-waivable conflict arises during our representation of you (for example, if we began collection action against you for fees you owe under this agreement), we will be required to ask the Bankruptcy Court for permission to withdraw, and you would need to represent yourself or retain another attorney and incur additional legal fees.

We are not acting as your counsel with respect to this agreement itself. We can explain it to you, and by signing it you agree that we fully explained its terms and answered any questions you had. We recommend that you have this agreement, including this conflict waiver, reviewed by independent counsel of your choice before signing.

By signing this agreement, you acknowledge our disclosure of these conflicts and your understanding of them, you represent that you have had an opportunity to consult independent counsel, and you give your informed written consent to waive the conflicts described above.

**Our Obligations**

We will represent you competently and diligently, keep you reasonably informed about the adversary proceeding, respond to your questions within a reasonable time, and maintain the confidentiality of information you share with us in accordance with our professional obligations. We will consult with you about the decisions that are yours to make, including whether to accept a settlement and whether to go

to trial. We may decline any course of action we believe is unlawful, unethical, or contrary to your reasonable interest, in which case we will explain our position and discuss alternatives with you.

**Your Obligations**

The attestation and any settlement depend on your financial records. You agree to:

- Provide complete and truthful information and any documents we request, as promptly as possible, including tax returns, pay stubs, records of your household expenses, and records of your student loans.
- Review the attestation and every other document we prepare for you before you sign it, and tell us about any necessary corrections.
- Tell us promptly about any change in your income, employment, household, health, address, phone number, or email address.
- Tell us immediately if your main bankruptcy case is dismissed or converted to another chapter, or if your discharge is entered or denied, because those events can affect this adversary proceeding.
- Tell us immediately if any loan holder, servicer, or debt collector contacts you about your student loans.
- Attend any deposition, hearing, or trial in the adversary proceeding when needed.
- Respond promptly to our communications.

**When Our Work Starts and Ends**

This agreement is not effective until we send you a copy that we have also signed. Our work begins once this agreement is effective and you have paid the flat fee in full or made the first payment under your payment plan.

Our work ends when the adversary proceeding concludes by an approved settlement, a judgment, or a dismissal, or earlier if our representation is terminated. When our services conclude, all unpaid hourly charges and costs become due. At that time we will, upon written request, deliver your file to you. After our representation ends, we will have no duty to inform you of future developments, deadlines, or changes in the law affecting this matter.

Either of us may end this representation at any time, subject to our obligations under the Rules of Professional Conduct. You may discharge us at any time, in writing. Once we have appeared for you in the adversary proceeding, we must ask the Bankruptcy Court for permission to withdraw, and we will remain your counsel until the Bankruptcy Court permits it.

If our representation ends before we complete the services in Steps 1 through 3, we will refund the portion of the flat fee you have paid, if any, that would be unreasonable for us to keep in light of the services we have provided, as the Rules of Professional Conduct require. If the reasonable value of the services we provided exceeds what you have paid, you remain responsible for the difference, up to the full flat fee, and nothing more. If our representation ends early and you are on a payment plan, your remaining payments will be limited to that difference.

**Our Compensation Disclosure to the Bankruptcy Court**

Because this adversary proceeding is part of your bankruptcy case, we must file a statement of our compensation arrangement with the Bankruptcy Court within 14 days after this agreement is signed, under 11 U.S.C. § 329 and Bankruptcy Rule 2016(b). Our fees are subject to review by the Bankruptcy Court, which may order a refund of any part it finds exceeds the reasonable value of our services.

**Important Notices, Disclosures, and Information**

You agree that you received, read, and understand the disclosures and notices required by 11 U.S.C. §§ 342(b) and 527(a) and (b), which we provided to you separately, or with our agreement for your main bankruptcy case, within 3 business days after we first offered to provide services to you.

You also acknowledge that the attestation and the other statements you sign in this adversary proceeding are made under penalty of perjury, and that a false statement or the concealment of assets or income may result in the denial of relief, dismissal of the adversary proceeding, monetary and non-monetary penalties, and criminal prosecution.

**File Retention**

We will retain copies of all documents in your matter electronically for at least five years. You agree to retain all of your original documents for your records and to only give us copies of them. Any paper documents you provide may be converted to digital format for retention purposes. If they are, the documents you give us will be destroyed immediately, without further notice to you. You authorize the secure destruction of your file five years after the file is closed and agree that we will have no liability for destroying any records, documents, or exhibits still in our possession and relating to this matter at the end of five years.

**Exceptions and Special Provisions**

The following exceptions and special provisions supersede any conflicting provisions above: **NONE**

**No Guarantees**

Nothing in this agreement should be construed as a promise or guarantee about the outcome of any matter that we are handling on your behalf. Our comments about the outcome of matters pertaining to you are expressions of opinion only.

The Bankruptcy Court decides whether your student loans are dischargeable. A loan holder's agreement to a discharge is not guaranteed, any settlement requires the Bankruptcy Court's approval, and the Bankruptcy Court may discharge all, part, or none of your student loan debt. The way the government or a lender evaluates these cases can change while your case is pending.

**General Terms**

This agreement contains all of the terms applicable to our representation in this adversary proceeding and may not be modified except in a writing signed by both of us. There are no promises, terms, conditions, or obligations applicable to our representation in this adversary proceeding except as expressly set forth here. These terms supersede any previous oral or written agreements between us with respect to this adversary proceeding only. Any agreement between us about your main bankruptcy case or any other matter is not affected.

This agreement is governed by the laws of the State of New Jersey. Any dispute between us within the Bankruptcy Court's jurisdiction will be resolved by that court. All other disputes will be heard exclusively by the Superior Court of New Jersey, Camden Vicinage. Any fee dispute outside the Bankruptcy Court's jurisdiction must first be submitted to the Philadelphia Bar Association Fee Dispute Resolution Program or the New Jersey Office of Attorney Ethics Fee Arbitration System before being filed in the Superior Court. If any provision of this agreement is held to be invalid or unenforceable, the remaining provisions will continue in full force and effect.

You authorize us and our agents to communicate with you by mobile phone, text message, and email, including leaving voicemail messages with details about your case. No form of communication is completely secure, and these forms of communication carry some risk of improper interception. You agree to monitor the email addresses and phone numbers you provide (including junk and spam folders) for important communications about your case, and you represent that third parties such as employers or family members do not have access to your email, voicemail, or text messages.

You agree that this agreement may be electronically signed and that your electronic signature is the same as your handwritten signature for all purposes, including validity, enforceability, and admissibility. By signing this agreement electronically, you acknowledge that you have declined the option to sign a paper agreement and understand that you will receive a signed copy by email.

**Signatures**

By signing below, you and we agree to everything above. You acknowledge that you read this agreement before signing it and that we answered any questions you had about the limited scope of our representation, the flat fee and payment plans, and the conflicts of interest described above.

| | |
|---|---|
| Maranda Moyle | 11/03/2026 |
| Client 1 | Date |

By: ______________________ 11/03/2026

Law Office of Mike Assad, P.C. Date